█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT JUNIOR, Appellant. [947 NYS2d 919]—

Lahtinen, J.

Defendant was questioned by police and eventually confessed to killing the victim, who had been repeatedly stabbed. In a superceding indictment, defendant was charged with murder in the first degree, criminal sexual act in the first degree, murder in the second degree and four counts of criminal possession of a weapon in the third degree. He moved to suppress his statements to police as well as evidence seized pursuant to search warrants. Following *Huntley* and *Mapp* hearings, County Court denied his motion. As part of a negotiated agreement, defendant pleaded guilty to murder in the second degree and one count of criminal possession of a weapon. He waived his right to appeal verbally on the record and in writing. County Court sentenced him consistent with the terms of the negotiated plea agreement to an aggregate prison term of 23 years to life. Defendant appeals.

We affirm. Defendant contends that County Court erred in denying his motion to suppress his confession to police. Review

of County Court's suppression ruling is precluded by defendant's waiver of his right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Spruill*, 90 AD3d 1242, 1243 [2011], *lv denied* 18 NY3d 998 [2012]; *People v Martin*, 16 AD3d 767, 767-768 [2005]). The record reveals that defendant's waiver of the right to appeal was knowing, voluntary and intelligent. The waiver was made with the assistance of counsel and it was distinguished from other rights that defendant forfeited upon pleading guilty. Preplea rulings were specifically included as part of the waiver (*see People v Johnson*, 14 AD3d 730, 730 [2005]).

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.