Spain, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered July 20, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Following a traffic stop of defendant’s vehicle, a State Trooper detected the odor of marihuana and defendant admitted to having a marihuana pipe in the vehicle. A subsequent search of the vehicle revealed a quantity of marihuana in the center console and, in the trunk, a bag containing a machine gun. Indicted on one count each of criminal possession of a weapon in the second and third degrees, defendant moved to suppress the evidence. After a hearing, County Court denied defendant’s motion, concluding, among other findings, that police had probable cause to search his vehicle. Pursuant to a plea agreement and with the assistance of counsel, defendant thereafter entered a guilty plea to the reduced charge of attempted criminal possession of a weapon in the second degree and was sentenced, as an admitted second felony offender, to a prison term of three years and five years of postrelease supervision.* As part of the agreement, defendant waived his right to appeal. Defendant now appeals, and we affirm.
Defendant’s sole challenge on appeal, to County Court’s ruling denying suppression, is foreclosed by his valid waiver of appeal (see People v Kemp, 94 NY2d 831, 833 [1999]; see also People v Bradshaw, 18 NY3d 257, 264-265 [2011]). A review of the record discloses that, at the outset of the plea proceedings, the prosecutor recited the plea terms including the appeal waiver, *1095 which defense counsel confirmed, and the court proceeded to explain the trial-related rights that defendant would be forgoing by his guilty plea, and the consequences thereof, and elicited defendant’s understanding of the agreement. The court separately explained the right to appeal, distinguished the appeal waiver from the other rights that defendant was foregoing as a result of his plea, ascertained that he had discussed it with counsel and understood that he was “giving up [his] right to appeal to the fullest extent . . . that [the appeal] waiver is legally and constitutionally permitted,” including “complaining of any errors that may have occurred” to that point. Defendant, in open court, then signed a written document, which included a waiver of the right to appeal “all issues and matters” and expressly provided that he was “giv[ing] up [his] right to claim that the police did anything illegal ... or that any evidence obtained against [him] was done so illegally.”
While County Court’s suppression decision was not explicitly referenced in the appeal waiver, which is “the better practice” (People v Kemp, 94 NY2d at 833), no “particular litany” was required by the court during its thorough allocution (People v Moissett, 76 NY2d 909, 910 [1990]). Moreover, the colloquy made perfectly clear that the oral and written appeal waivers were unqualified and “intended comprehensively to cover all aspects of the case” (People v Muniz, 91 NY2d 570, 575 [1998]), including preplea suppression rulings. Thus, review of the court’s suppression ruling is precluded by defendant’s valid appeal waiver (see People v Kemp, 94 NY2d at 833; People v Colon, 101 AD3d 1161, 1161 [2012]; People v Junior, 97 AD3d 984, 984-985 [2012], lv denied 19 NY3d 1103 [2012]; People v Spruill, 90 AD3d 1242, 1243 [2011], lv denied 18 NY3d 998 [2012]).
Peters, EJ., Lahtinen and Stein, JJ., concur.
Ordered that the judgment is affirmed.

 Although during the plea colloquy County Court had agreed to impose a period of three years of postrelease supervision, at sentencing the court informed defendant that this was not permissible given his second felony offender status, which required five years of postrelease supervision. The court offered defendant the opportunity to withdraw his guilty plea, which defendant expressly declined.