*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    105500
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

DAVID ORTIZ,
                        Appellant.
_____


Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____


        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered August 29, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

        In December 2011, defendant was a passenger in a vehicle stopped by the police for a traffic infraction.  During a search of the vehicle, a state trooper discovered a gun and ammunition.  Indicted on charges of criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree, defendant moved to suppress the evidence, a motion that Supreme Court denied following a hearing.  Subsequently, in exchange for a promised determinate prison sentence of seven

years followed by five years of postrelease supervision, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree and waived his right to appeal on the record, both verbally and in writing. Defendant now appeals.

Initially, we reject defendant's claim that his appeal waiver was invalid. During the plea colloquy, Supreme Court adequately explained the nature of the rights that defendant was waiving and that the right to appeal is separate and distinct from the rights automatically forfeited upon a plea of guilty (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256-257 [2006]). Defendant orally confirmed that he understood the rights that he was relinquishing and that those rights were separate and distinct from the rights forfeited as a result of his guilty plea (cf. People v Bradshaw, 18 NY3d at 267). Defendant also signed a written waiver of appeal in open court that both mirrored Supreme Court's colloquy and indicated that defendant had been given sufficient time to discuss the waiver with counsel. Therefore, contrary to defendant's contentions on appeal, the court "carefully explained the appeal waiver and distinguished it from the other rights that defendant was forgoing as a consequence of his guilty plea, established that defense counsel had discussed it with him . . . and did not mislead him as to the . . . scope of the appeal waiver" (People v Wolz, 112 AD3d 1150, 1152 [2013], lv denied 23 NY3d 1026 [2014]; see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d at 257).

"Inasmuch as the appeal waiver is valid, it precludes defendant's challenge to Supreme Court's denial of his suppression motion, as well as his claim that his sentence was harsh and excessive" (People v Easter, 122 AD3d 1073, 1074 [2014], lv denied 24 NY3d 1219 [2015]; see People v Grigger, 111 AD3d 974, 975 [2013], lv denied 23 NY3d 1037 [2014]; People v Stone, 105 AD3d 1094, 1094-1095 [2013]). Turning to defendant's claim that survives his appeal waiver, his argument that his plea was involuntary due to the ineffective assistance of counsel is unpreserved for our review because he failed to move to withdraw his plea, and the narrow exception to the preservation requirement is inapplicable (see People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]; People v Smith, 112

-3-                              105500

AD3d 1232, 1232-1233 [2013], lv denied 22 NY3d 1203 [2014]).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court