Aarons, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 2, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant entered an Alford plea to burglary in the third degree in satisfaction of a superior court information, waived his right to appeal and was placed on interim probation for one year. According to the plea agreement, if defendant was successful on interim probation, he would be sentenced to five years of probation and ordered to pay restitution. Defendant subsequently admitted to violating the interim probation. County Court sentenced defendant to a prison term of 2 to 6 years and ordered restitution in the amount of $360. Defendant appeals.
As an initial matter, we find that defendant’s waiver of appeal was valid. The record reflects that County Court informed defendant of the separate and distinct nature of the waiver of the right to appeal. Defendant executed a written waiver of appeal, which explained that he had the right to “appeal to a higher court” and that he was relinquishing that right. In view of the foregoing, we conclude that defendant’s combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Toledo, 144 AD3d 1332, 1332 [2016]; People v Oddy, 144 AD3d 1322, 1323 [2016]; People v Lester, 141 AD3d 951, 952-953 [2016]).
To that end, defendant’s valid waiver of appeal precludes his claim of ineffective assistance of counsel, except insofar as the alleged ineffective assistance impacts the voluntariness of the plea (see People v Lloyd, 142 AD3d 1250, 1250 [2016], lv denied 28 NY3d 1073 [2016]; People v Viele, 130 AD3d 1097, 1097 [2015]). Such claims as to the voluntariness of the plea, *1304 however, are unpreserved in the absence of a postallocution motion* and the narrow exception to the preservation requirement is inapplicable (see People v Ortiz, 127 AD3d 1416, 1417 [2015], lv denied 26 NY3d 1010 [2015]). Defendant’s challenges to the sufficiency of the plea and the severity of his sentence are also foreclosed by his valid appeal waiver (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Woods, 141 AD3d 954, 955 [2016], lv denied 28 NY3d 1076 [2016]; People v Goldman, 139 AD3d 1111, 1111-1112 [2016], lv denied 28 NY3d 970 [2016]; People v Long, 117 AD3d 1326, 1327 [2014], lv denied 24 NY3d 1003 [2014]).
Although defendant’s contention regarding the amount of restitution imposed is not precluded by the appeal waiver “because the plea agreement did not specify the amount of restitution to be awarded” (People v Ortolaza, 120 AD3d 843, 844 [2014], lv denied 25 NY3d 991 [2015]), the issue is nonetheless unpreserved for our review given defendant’s failure to request a hearing or object to the amount of restitution imposed at sentencing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Hakkenberg, 142 AD3d 1251, 1252 [2016], lv denied 28 NY3d 1072 [2016]; People v Disotell, 123 AD3d 1230, 1231 [2014], lv denied 25 NY3d 1162 [2015]).
McCarthy, J.P., Garry, Lynch and Rose, JJ., concur.
Ordered that the judgment is affirmed.

 Defendant originally moved to withdraw his plea but subsequently withdrew that motion.