■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIAYAN LONDON, Appellant. [60 NYS3d 581]—

Rose, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 8, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

During the execution of a search warrant in an apartment where defendant resided with his girlfriend, a handgun was

found in a locked safe in a bedroom closet and, according to police, defendant admitted that the gun belonged to him. Defendant was arrested and, following a preliminary hearing, the Town of Ulster Justice Court released him from custody, finding insufficient evidence to hold him (*see* CPL 180.10 [2]). Defendant was thereafter charged by indictment with criminal possession of a weapon in the third degree, and he subsequently pleaded guilty to that charge pursuant to a plea agreement that also satisfied three other potential felony charges. In exchange, County Court promised to impose a prison term of 3½ to 7 years. As part of defendant's guilty plea, which included a waiver of appeal, the People agreed not to prosecute his girlfriend. County Court thereafter imposed a reduced prison term of 2 to 4 years upon defendant, an admitted second felony offender. Defendant now appeals.

Defendant's primary argument on appeal is that he was deprived of the effective assistance of counsel because defense counsel failed to investigate comments made off the record by the presiding Town Justice at the end of the preliminary hearing. The issue was first raised on the record in County Court at defendant's arraignment on the indictment, when defense counsel informed the court that the Town Justice had stated to both parties that she was made uncomfortable by remarks that she had overheard between the police officers. The matter was not thereafter resolved on the record. This claim of ineffective assistance of counsel is precluded by the valid and unchallenged appeal waiver (*see People v Bryant*, 28 NY3d 1094, 1096 [2016]; *People v Sanders*, 25 NY3d 337, 340-341 [2015]), in which defendant expressly waived his right to seek appellate review of the effectiveness of his counsel prior to his guilty plea, except to the extent that it impacted upon the voluntariness of his plea (*see People v Mahon*, 148 AD3d 1303, 1303 [2017]; *People v Oddy*, 144 AD3d 1322, 1323 [2016]). Even if this claim impacted the voluntariness of his plea, it is unpreserved for our review as defendant, after the issue of potential police misconduct was raised, pleaded guilty and never made an appropriate postallocution motion to withdraw his plea, despite ample opportunity to do so (*see* CPL 220.60 [3]; *People v Mahon*, 148 AD3d at 1304). Nor did he make any remarks that triggered the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Were the issue properly before us, we would find that it lacks merit, as defendant received a very favorable plea bargain and nothing in this record casts doubt on the apparent effectiveness of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Lewis*, 138 AD3d 1346, 1348-1349 [2016], *lv denied* 28 NY3d 1073 [2016]).

Finally, to the extent that defendant relies on matters that are outside of the record on appeal, they are more properly addressed in a motion to vacate pursuant to CPL article 440 (*see People v Dolberry*, 147 AD3d 1149, 1150-1151 [2017], *lv denied* 29 NY3d 1078 [June 7, 2017]). Defendant's other claims have been considered and determined to lack merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.