■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOUCK, Appellant. [61 NYS3d 388]—

Mulvey, J. Appeal from a judgment of the County Court of

Schenectady County (Sypnewski, J.), rendered September 18, 2015, convicting defendant upon his plea of guilty of the crimes of failure to register or verify as a sex offender and possessing a sexual performance by a child.

In satisfaction of a 10-count indictment, defendant pleaded guilty to the crimes of failure to register or verify as a sex offender and possessing a sexual performance of a child and waived his right to appeal. Pursuant to the terms of the plea agreement, defendant would be sentenced, as a second felony offender, to consecutive prison terms of 1 to 3 years and 1½ to 3 years, respectively. County Court advised defendant that he was required to be truthful and cooperative with the Probation Department in the preparation of a presentence investigation report, otherwise the court would not be bound by the sentencing commitment and could impose an enhanced sentence. At sentencing, the court denied defendant's pro se motion to withdraw his guilty plea on the ground that he wished to testify before the grand jury. Furthermore, the court determined that defendant violated the condition that he be truthful with the Probation Department inasmuch as, during the interview, he denied culpability for the crimes to which he had pleaded guilty and, finding that it was no longer bound by the terms of the plea agreement, the court imposed an enhanced sentence of 2⅓ to 7 years on the failure to register conviction and 2 to 4 years for possessing a sexual performance by a child, to run consecutively. Defendant appeals.

We are unpersuaded by defendant's contention that County Court abused its discretion in imposing an enhanced sentence without first permitting defendant to withdraw his plea. The record belies defendant's contention that the condition that he be truthful with the Probation Department was not part of the plea agreement. County Court explicitly advised defendant of such condition during the plea colloquy, and defendant acknowledged that he understood the consequences in the event he failed to comply with that condition. As the court "informed [defendant] at the time of his plea that it could impose a different sentence if he failed to meet [the] specified condition[ ]," it was free to impose the enhanced sentence without affording defendant an opportunity to withdraw his plea (*People v Kinch*, 15 AD3d 780, 781 [2005]; *see People v Coffey*, 77 AD3d 1202, 1203-1204 [2010], *lv denied* 18 NY3d 882 [2012]; *People v Faulkner*, 54 AD3d 1134, 1135 [2008], *lv denied* 11 NY3d 854 [2008]).

To the extent that defendant contends that he did not receive the effective assistance of counsel, the alleged deficiencies on

the part of defense counsel do not implicate the voluntariness of the plea and, therefore, are precluded by the unchallenged waiver of the right to appeal (*see People v Mahon*, 148 AD3d 1303, 1303 [2017]; *People v White*, 145 AD3d 1324, 1325 [2016]). Finally, given the basis upon which defendant moved to withdraw his plea, we find no error in County Court summarily denying the motion without further scrutiny to determine the existence of a legitimate question as to the voluntariness of defendant's plea (*see People v Brown*, 14 NY3d 113, 118 [2010]; *People v Farnsworth*, 140 AD3d 1538, 1540 [2016]).

Peters, P.J., Egan Jr., Devine and Pritzker, JJ., concur. Ordered that the judgment is affirmed.