Aarons, J.
 

 Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 15, 2014, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the second degree and assault in the second degree.
 

 Defendant was charged in two separate single-count indictments with assault in the first degree and criminal possession of a weapon in the second degree. With respect to the assault charge, County Court, after a suppression hearing, denied defendant’s motion to suppress certain identification evidence and statements made by him to law enforcement officials. With respect to the criminal possession charge, County Court, after a separate suppression hearing, denied defendant’s motion to suppress the firearm and ammunition recovered by police officers. In satisfaction of both indictments, defendant pleaded guilty to assault in the second degree and attempted criminal possession of a weapon in the second degree. County Court thereafter sentenced defendant on each conviction to a prison term of five years, to be followed by five years of postrelease supervision. The prison terms were ordered to run consecutively. Defendant appeals. We affirm.
 

 Turning first to defendant’s challenge to County Court’s order denying his motion to suppress certain statements and identification evidence in connection with the assault conviction, we conclude that defendant’s valid waiver of appeal precludes such challenge. The record reveals that County Court explained to defendant that his right to appeal was “separate and apart” from those trial-related rights he was forfeiting upon his guilty plea. Defendant executed a written waiver of appeal and County Court confirmed that defendant read and understood its contents. Accordingly, we find that the appeal waiver was valid (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]; People v Mahon, 148 AD3d 1303, 1303 [2017]; People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]). To that end, defendant’s valid appeal waiver forecloses his challenge to County Court’s adverse suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Stone, 105 AD3d 1094, 1094 [2013]).
 

 As to defendant’s challenge to County Court’s suppression ruling related to the attempted criminal possession of a weapon conviction, we initially note that defendant did not waive his right to appeal in connection with this conviction and, therefore, such challenge survives his guilty plea (see People v King, 137 AD3d 1424, 1425 [2016], lv denied 27 NY3d 1070 [2016]). We nevertheless conclude that it is without merit. “It is fundamental that probable cause exists for a traffic stop if an officer observes a defendant committing a traffic violation” (People v Williams, 132 AD3d 1155, 1155 [2015] [internal quotation marks and citation omitted], lv denied 27 NY3d 1157 [2016]; see People v Wynn, 149 AD3d 1252, 1254 [2017], lv denied 29 NY3d 1136 [2017]; People v Rasul, 121 AD3d 1413, 1415 [2014]). At the suppression hearing, the officer who pulled defendant over testified that he was behind defendant’s vehicle and saw it “weaving in and out of the lane.” In particular, the officer observed defendant’s vehicle “mov[e] from the lane all the way across the double yellow line, back all the way across over the fog line and doing this several times.” When asked how far defendant crossed over the double yellow line, the officer responded, “approximately a foot, maybe two feet.” The officer believed that, based on such movements, defendant “appeared to either be on the cell phone or impaired.” County Court credited the officer’s testimony, and we accord great deference to County Court’s factual findings and credibility determinations (see People v Horge, 80 AD3d 1074, 1074 [2011]). Based on the foregoing, we find that the officer had a reasonable basis to stop defendant’s vehicle (see Vehicle and Traffic Law § 1128 [a]; People v Ogden, 250 AD2d 1001, 1001 [1998]), and that the denial of the motion to suppress was proper.
 

 We also reject defendant’s assertion that he was unreasonably detained following the initial traffic stop. The officer testified that after stopping defendant, he ran a computer check of defendant’s license and registration and learned that the registration was suspended due to a lapse in automobile insurance coverage.
 
 *
 
 The officer questioned defendant about this lapse and defendant explained that he was aware of the problem and that the vehicle was actually insured. The officer gave defendant an opportunity to call an insurance agent to verify whether there was valid insurance. The officer testified that he asked defendant to exit the vehicle so that he could hear defendant’s conversation with the insurance agent. The officer stated that, as this telephone conversation took place, he was standing “down wind” from defendant and detected an odor of marihuana. In light of the officer’s testimony that he was familiar with the smell of marihuana and was trained to detect it, we find that, upon detecting the odor of marihuana, the officer had probable cause to continue the seizure of defendant for further investigation. To that end, taking into account that the officer gave defendant a chance to explain the issue of the lapsed insurance, we conclude that defendant’s detention following the initial traffic stop was not prolonged beyond what was reasonable under the circumstances (see People v Whalen, 101 AD3d 1167, 1167-1168 [2012], lv denied 20 NY3d 1105 [2013]; People v Carter, 60 AD3d 1103, 1104-1105 [2009], lv denied 12 NY3d 924 [2009]; People v Ross, 228 AD2d 718, 718-719 [1996], lv denied 88 NY2d 993 [1996]). Defendant’s remaining argument has been examined and determined to be without merit.
 

 Garry, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 A driver is guilty of violating Vehicle and Traffic Law § 319 (1) by operating a vehicle that does not maintain the requisite insurance.