*Black*, 14 AD3d 734, 735-736 [2005], *lv denied* 4 NY3d 796 [2005]).

Peters, P.J., Lynch, Clark and Rumsey, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. WELDEN, Appellant. [65 NYS3d 814]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 4, 2014, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated with a child.

In satisfaction of an eight-count indictment and other pending charges, defendant pleaded guilty to aggravated driving while intoxicated with a child and waived his right to appeal. He was sentenced, in accordance with the terms of the plea agreement, to a prison term of 1 to 3 years to be followed by a three-year conditional discharge that required him to install an interlock ignition device. Defendant appeals.

We affirm. Initially, we note that the waiver of the right to appeal was valid inasmuch as the record reflects that County Court distinguished the right to appeal as separate and distinct from the rights automatically forfeited by the guilty plea and defendant acknowledged that, after conferring with counsel, he understood and executed the written waiver of appeal. In view of the valid appeal waiver, defendant's challenge to the sufficiency of the plea allocution is foreclosed (*see People v Sullivan*, 153 AD3d 1519, 1519 [2017]; *People v Mahon*, 148 AD3d 1303, 1304 [2017]). Defendant's challenge to the voluntariness of his plea, although not precluded by the appeal waiver, is unpreserved for our review inasmuch as the record does not reflect that defendant made an appropriate postallocution motion to withdraw his guilty plea. Nor did defendant make any statements during the plea colloquy to warrant the application of the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Hopper*, 153 AD3d 1045, 1046 [2017]; *People v Williams*, 150 AD3d 1549, 1550 [2017]). Were we to consider defendant's contention, we would find that the record establishes that his plea was knowingly, voluntarily and intelligently entered (*see People v Conceicao*, 26 NY3d 375, 383 [2015]).

Egan Jr., J.P., Devine, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed.