People v Velez (2018 NY Slip Op 01099)





People v Velez


2018 NY Slip Op 01099


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108195

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SONDRO VELEZ, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Janet K. Kealy, Hudson, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 11, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. As a condition of the plea, defendant waived his right to appeal. Defendant was thereafter sentenced, as a second felony offender, to a prison term of six years to be followed by three years of postrelease supervision. Defendant now appeals, and we affirm.
Initially, we reject defendant's contention that his appeal
waiver is invalid. County Court confirmed that defendant understood both that his appellate rights were separate from those rights that he waived by pleading guilty and that an appeal waiver was a condition of the plea agreement. The court explained the appeal process and confirmed that defendant understood. Moreover, defendant executed a written appeal waiver before the court and confirmed that he had discussed the written appeal waiver with his counsel and that he had no questions about the waiver. That waiver explained, among other things, that a defendant normally retains the right to appeal from a guilty plea, that the right to appeal is separate and distinct from those rights forfeited by a guilty plea and that defendant had chosen to waive the right to appeal as a condition of the plea bargain. Given the foregoing, we find that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v McKenzie, 136 [*2]AD3d 1120, 1121 [2016], lv denied 27 NY3d 1002 [2016]; People v Ortiz, 127 AD3d 1416, 1416-1417 [2015], lv denied 26 NY3d 1010 [2015]).
Defendant's valid appeal waiver forecloses review of his contention that his sentence is harsh and excessive (see People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]) and his claim of ineffective assistance of counsel, to the extent that it did not affect the voluntariness of his plea (see People v Mahon, 148 AD3d 1303, 1303-1304 [2017]). As to defendant's claim that ineffective assistance of counsel affected the voluntariness of his plea, he failed to preserve that argument by making an appropriate postallocution motion, and the exception to the preservation requirement is inapplicable (see id.; People v Ortiz, 127 AD3d at 1417).
Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.