People v Gause (2018 NY Slip Op 02216)





People v Gause


2018 NY Slip Op 02216


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108252

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARQUIS GAUSE, Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Keeley A. Maloney, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 28, 2016, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a superior court information and other pending charges, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. He was sentenced as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that he was denied the effective assistance of counsel. Certain of defendant's
arguments, including the extent to which defense counsel had contact with defendant following his arraignment, implicate matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Santiago, 118 AD3d 1032, 1033 [2014]; People v Masso-Diaz, 107 AD3d 1148, 1129 [2013]). With regard to the alleged deficiencies on the part of defense counsel that do not implicate the voluntariness of the plea, they are precluded by the unchallenged waiver of the right to appeal (People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]). To the extent that the balance of defendant's ineffective assistance claim impacts the voluntariness of his plea, such challenges are unpreserved for our review as the record does not indicate that an appropriate postallocution motion was made (see People v Smith, 155 AD3d 1244, 1246 [2017]; People v London, 153 AD3d 1032, 1033 [2017]; [*2]People v Islam, 134 AD3d 1348, 1349 [2015]).
Garry, P.J., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.