People v Dissottle (2018 NY Slip Op 02681)





People v Dissottle


2018 NY Slip Op 02681


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108702

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GERALD L. DISSOTTLE SR., Appellant.

Calendar Date: March 2, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered July 18, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment and other uncharged conduct, defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. He was sentenced as a second felony offender to an agreed-upon prison term of four years followed by two years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that he did not knowingly, voluntarily and intelligently waive his right to
appeal. County Court explained the meaning of the waiver of the right to appeal, noting that it was separate and apart from those rights automatically forfeited by the guilty plea, and elicited from defendant that he understood. Defendant then reviewed a detailed written waiver with counsel and executed it in open court, after which he unequivocally confirmed his understanding thereof (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Welden, 156 AD3d 1241, 1241 [2017]). Thus, the appeal waiver is valid and defendant is precluded from challenging the severity of the agreed-upon sentence (see People v Brown, 156 AD3d 1248, 1248 [2017], lv denied ___ NY3d ___ [Mar. 27, 2018]; People v Brothers, 155 AD3d 1257, 1258 [2017]).
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.