People v Williams (2018 NY Slip Op 05231)





People v Williams


2018 NY Slip Op 05231


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

108706

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
THOMAS WILLIAMS, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 14, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a 10-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal the conviction and sentence. County Court sentenced defendant, in accordance with the plea agreement, to six years in prison and two years of postrelease supervision. Defendant appeals.
We reject defendant's contention that his waiver of the right to appeal was invalid. During the plea colloquy, County Court advised defendant that a waiver of appeal was a condition of the plea agreement, explained to defendant that he ordinarily retained the right to appeal and made clear that the waiver was separate and distinct from the trial-related rights that he automatically forfeited by pleading guilty. Defendant acknowledged his understanding of the consequences of the appeal waiver and thereafter executed a written waiver in open court that outlined the consequences of the waiver and confirmed that counsel had informed him of the legal ramifications thereof. Under these circumstances, we find that the waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Chaney, 160 AD3d 1281, 1283 [2018]; People v Turner, 158 AD3d 892, 892 [2018]). The valid appeal waiver precludes defendant's challenges to the denial of his suppression motion (see People v Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833 [1999]) and the severity [*2]of his sentence (see People v Lopez, 6 NY3d 248, 257 [2006]; People v Dobbs, 157 AD3d 1122, 1123 [2018], lv denied 31 NY3d 983 [2018]).
Defendant's challenge to the voluntariness of his plea survives his valid waiver of appeal, but is unpreserved for our review inasmuch as the record does not reflect that defendant made an appropriate postallocution motion, despite ample opportunity to do so (see People v Williams, 27 NY3d 212, 214 [2016]; People v Conley, 161 AD3d 1486, 1487 [2018]; People v Wood, 161 AD3d 1447, 1448 [2018]). Even assuming that certain postplea statements made by defendant implicated the voluntariness of his plea and therefore triggered the narrow exception to the preservation rule (see People v Chin, 160 AD3d 1038, 1039 [2018]; People v Gresham, 151 AD3d 1175, 1178 [2017]), the record reflects that, at the sentencing proceeding, County Court satisfied any duty of further inquiry, after which defendant stated unequivocally that he did not wish to withdraw his plea and desired to proceed with sentencing (see People v Willard, 159 AD3d 1228, 1229 [2018]; People v Case, 139 AD3d 1239, 1240 [2016], lv denied 28 NY3d 928 [2016]). In any event, the record fully supports the conclusion that defendant's guilty plea was knowing, voluntary and intelligent (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Welden, 156 AD3d 1241, 1241 [2017]).
With respect to defendant's ineffective assistance of counsel claim, his assertions that defense counsel pressured him into pleading guilty and failed to explore potential defenses implicate matters outside of the record that are more properly pursued in the context of a CPL article 440 motion (see People v Pringle, 155 AD3d 1085, 1086 [2017]; People v Goldston, 126 AD3d 1175, 1178 [2015], lv denied 25 NY3d 1201 [2015]; People v McGowan, 117 AD3d 1202, 1202 [2014]). To the extent that the balance of this claim impacts upon the voluntariness of defendant's plea, it is similarly unpreserved for our review in the absence of an appropriate postallocution motion (see People v Duggins, 161 AD3d 1445, 1446 [2018]; People v Gause, 159 AD3d 1277, 1278 [2018]). Were the issue properly before us, we would find it to be lacking in merit given that counsel secured a very favorable plea bargain and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Caban, 5 NY3d 143, 152 [2005]; People v London, 153 AD3d 1032, 1033 [2017]; People v Saylor, 132 AD3d 1018, 1018-1019 [2015]).
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.