People v Norton (2018 NY Slip Op 05977)





People v Norton


2018 NY Slip Op 05977


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

109532

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSHUA P. NORTON, Appellant.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Mary Theresa Northrup of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered November 19, 2015, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant was charged by felony complaint with sexual abuse in the first degree and endangering the welfare of a child following allegations that he subjected a four-year-old relative to sexual contact. Pursuant to the terms of a plea agreement, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of sexual abuse in the first degree, pleaded guilty to this crime in satisfaction of the charges and waived his right to appeal. County Court thereafter imposed the agreed-upon prison term of five years and, in its discretion, directed a period of 10 years of postrelease supervision. Defendant appeals.
We affirm. Initially, we find that defendant's unchallenged oral and written waiver of appeal, entered in connection with his guilty plea, was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-342 [2015]; People v Smith, 155 AD3d 1244, 1245 [2017]). Although defendant's challenge to the voluntariness of his plea survives his valid appeal waiver (see People v Seaberg, 74 NY2d 1, 9-10 [1989]), this issue is unpreserved for our review given that the record does not reflect that he made an appropriate postallocution motion to vacate the plea despite ample opportunity to do so (see CPL 220.60 [3]; People v Leach, 26 NY3d 1154, 1154 [2016]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied ___ US ___, 135 S Ct 90 [2014]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Williams, 27 NY3d 212, 219-222 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Sisto, 161 AD3d 1483, 1483 [2018]).
Defendant's assertion that he was deprived of the effective assistance of counsel, which survives his valid appeal waiver to the limited extent that it impacts upon the voluntariness of his plea, is unpreserved for the same reason (see People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied ___ NY3d ___ [July 19, 2018]). Were the issue properly before us, we would find that it lacks merit, as defendant received a very favorable plea bargain and nothing in this record calls into question the apparent effectiveness of counsel (see People v London, 153 AD3d 1032, 1033 [2017]; People v Dubois, 150 AD3d 1562, 1564 [2017]). Defendant's claims that counsel failed to investigate the charges or to adequately inform him of and pursue available defenses, discovery and motion practice are largely premised upon matters that are outside of the record on appeal and, as such, are more appropriately considered in a motion pursuant to CPL article 440 (see People v Duggins, 161 AD3d 1445, 1446 [2018]; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]).
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.