People v Gorman (2018 NY Slip Op 06833)





People v Gorman


2018 NY Slip Op 06833


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

109534

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
THOMAS H. GORMAN, Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered March 21, 2016, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the first degree and vehicular assault in the first degree.
On October 31, 2015, defendant was driving while intoxicated and struck a group of college students, killing one and seriously injuring two others. Pursuant to a plea agreement, defendant waived indictment, pleaded guilty to a superior court information charging him with vehicular manslaughter in the first degree and vehicular assault in the first degree and waived his right to appeal. County Court sentenced defendant within the range contemplated by the plea agreement, namely, an aggregate prison term of 5 to 15 years. Defendant appeals.
Initially, defendant's challenges to the sufficiency of the plea allocution and to the sentence as harsh and excessive are precluded by his unchallenged appeal waiver (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Chaney, 160 AD3d 1281, 1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Welden, 156 AD3d 1241, 1241 [2017]). The contention in defendant's pro se supplemental brief that unspecified "pertinent information might have been omitted" from the presentence report, even assuming that it survives his appeal waiver, was not raised prior to sentencing and is not preserved for our review (see People v Vanbuskirk, 126 AD3d 1239, 1240 [2015]). Defendant's challenge to the voluntariness of his plea is not precluded by his appeal waiver, but it is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion despite having had ample opportunity to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Duvall, 157 AD3d 1060, 1061 [2018], lv denied 31 NY3d 1081 [2018]). Further, defendant made no statements during the plea allocution that triggered the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 220 [2016]; People v [*2]Lopez, 71 NY2d 662, 666 [1988]). Were we to address this claim despite the lack of preservation, we would find that the "plea was knowingly, voluntarily and intelligently entered" (People v Welden, 156 AD3d at 1241).
To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, it survives his appeal waiver but was likewise not preserved for our review (see People v Williams, 163 AD3d 1172, 1173-1174 [2018]; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]). Moreover, his challenge to counsel's motion practice and discovery efforts was forfeited by his guilty plea (see People v Ward, 161 AD3d 1488, 1489 [2018], lv denied ___ NY3d ___ [Aug. 21, 2018]; People v Rutigliano, 159 AD3d at 1281). The balance of defendant's arguments involve matters outside of the record on appeal that are more properly raised in a CPL article 440 motion (see People v Williams, 163 AD3d at 1173; see e.g. People v Pabon, 157 AD3d 1057, 1058 [2018], lv denied 31 NY3d 986 [2018]). Defendant's remaining claims have been considered and found to lack merit.
McCarthy, J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.