People v Taft (2019 NY Slip Op 01457)





People v Taft


2019 NY Slip Op 01457


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

108756

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PHILIP M. TAFT, Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Harvey C. Silverstein, Latham, for appellant, and appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt Jr. of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered November 19, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a three-count indictment stemming from defendant allegedly robbing a convenience store at knife point, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. County Court sentenced defendant to a prison term of 10 years followed by five years of postrelease supervision and imposed restitution in the amount of $3,500. Defendant appeals.
Initially, the record reflects that the waiver of the right to appeal was knowing, voluntary and intelligent. Although terse, County Court advised defendant in the plea colloquy that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea; defendant acknowledged that this had been explained by defense counsel and that he understood. Defendant further affirmed his knowing, voluntary, and intelligent waiver of his right to appeal in a written waiver that he executed with his counsel. In view of the foregoing, we find that the waiver of the right to appeal is valid (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Muller, 166 AD3d 1240, 1241 [2018]). Accordingly, defendant's challenge to the sentence as harsh and excessive is precluded (see People v Sanders, 25 NY3d at 339-341; People v Nieves, 163 AD3d 1359, 1360 [2018], lv denied 32 NY3d 1006 [2018]).
Defendant's challenge to the voluntariness of the plea is not precluded by the appeal waiver, but is nevertheless unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, which, contrary to defendant's contention, he had a reasonable opportunity to do (see People v Williams, 27 NY3d 212, 214 [2016]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]; People v Blackburn, [*2]164 AD3d 960, 961 [2018]). Further, the narrow exception to the preservation requirement does not apply, as defendant made no statements during the plea proceeding that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Norton, 164 AD3d at 1503). To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it survives the valid appeal waiver but is likewise unpreserved for review (see People v Norton, 164 AD3d at 1503). Were we to consider the issues, we would find them to be without merit, as the record fails to establish that defendant's mental health issues interfered with his ability to understand the proceedings or impacted the voluntary nature of his plea (see People v Duffy, 126 AD3d 1142, 1142-1143 [2015]; People v Chavis, 117 AD3d 1193, 1194 [2014]).
Defendant's challenge to the amount of restitution ordered is not precluded by the appeal waiver, as the amount was not specifically set forth in the plea agreement (see People v Mahon, 148 AD3d 1303, 1304 [2017]). Nevertheless, the issue is unpreserved, as defendant did not contest the amount of restitution imposed at sentencing nor request a restitution hearing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]; People v Mahon, 148 AD3d at 1304).
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.