People v Golden (2019 NY Slip Op 02926)





People v Golden


2019 NY Slip Op 02926


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

109308

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MALIK E. GOLDEN, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Tracy A. Donovan Laughlin, Oneonta, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered March 1, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of marihuana in the second degree.
In October 2016, defendant was indicted for criminal possession of marihuana in the second degree. As a part of a plea agreement and in satisfaction of the indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of marihuana in the second degree and waived his right to appeal, orally and in writing. Under the terms of the plea agreement, defendant was to be sentenced to four months of weekends in jail, to be followed by five years of postrelease supervision. At the plea colloquy, County Court admonished defendant that it would not be bound by the agreed-upon sentencing commitment if defendant failed to appear or engaged in additional criminal conduct between the time of his plea and sentencing. Before sentencing, defendant was arrested for possession of marihuana. County Court thereafter imposed an enhanced sentence of six months in jail to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that, because defense counsel failed to adequately communicate with defendant between the time of his guilty plea and sentencing, he was denied the effective assistance of counsel, which contributed to the enhanced sentence that he received. As this claim relates to sentencing and does not implicate the voluntariness of his plea, the claim is precluded by the unchallenged waiver of appeal (see People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]; People v White, 145 AD3d [*2]1324, 1325 [2016]; People v Howard, 1 AD3d 718, 719 [2003])[FN1]. Further, to the extent that defendant's claim amounts to a challenge to the enhanced sentence as harsh and excessive, it is also precluded by the unchallenged appeal waiver, as County Court advised defendant of the specific conditions that he had to abide by and the consequences of violating those plea conditions (see People v Adams, 153 AD3d 1449, 1451 [2017]; People v Bateman, 151 AD3d 1482, 1483-1484 [2017], lv denied 31 NY3d 981 [2018]).
Egan Jr., J.P., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: As the alleged ineffective assistance occurred between the time of his guilty plea and sentencing, it therefore could not have impacted the voluntariness of his guilty plea, a claim that would ordinarily survive a valid appeal waiver (see e.g. People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). Even if we were to liberally construe defendant's ineffective assistance of counsel claim as one that somehow implicates the voluntariness of his guilty plea, we would find that it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]; People v Perkins, 140 AD3d 1401, 1402-1403 [2016], lv denied 28 NY3d 1126 [2016]).