People v Major (2019 NY Slip Op 07114)





People v Major


2019 NY Slip Op 07114


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

109671

[*1]The People of the State of New York, Respondent,
v
Sterling Major, Appellant.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Salvatore C. Adamo, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 23, 2016, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to assault in the second degree and was required to waive his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of seven years to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. To the extent that defendant challenges the validity of the waiver of the right to appeal, the record reflects that it was knowingly, voluntarily and intelligently entered. County Court distinguished the separate and distinct nature of the waiver of the right to appeal from those rights automatically forfeited by the plea of guilty, which defendant acknowledged he understood. In addition, defendant executed a written waiver in open court, affirming that he had sufficient time to review it with counsel, understood it and had no questions. In view of this, we find that defendant validly waived his right to appeal (see People v Greene, 171 AD3d 1407, 1408 [2019]; People v Weis, 171 AD3d 1403, 1403-1404 [2019]; People v Muller, 166 AD3d 1240, 1241 [2018]).
Although the valid appeal waiver does not preclude defendant's challenge to the voluntariness of the plea or his claim of ineffective assistance of counsel to the extent that it impacts the voluntariness of the plea, such issues are nevertheless unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Carroll, 172 AD3d 1821, 1821 [2019], lv denied ___ NY3d ___ [Aug. 29, 2019]; People v Greene, 171 AD3d at 1408). The balance of defendant's ineffective assistance of counsel claim, including that counsel failed to pursue a motion to dismiss the indictment on speedy trial grounds, does not implicate the voluntariness of the plea and, therefore, is precluded by the valid appeal waiver (see People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]; People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]). Defendant's challenge to the severity of the agreed-upon sentence is also precluded by the valid appeal waiver (see People v Brown, 170 AD3d 1375, 1377 [2019], lv denied 33 NY3d 1029 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]).
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.