*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                107498
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

ROBERT TOLEDO,
                        Appellant.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Thomas F. Garner, Middleburgh, for appellant, and appellant
pro se.

        James E. Conboy, District Attorney, Fonda (Sarah J.
Leszczynski of counsel), for respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered October 27, 2014, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree, admitting that he sold heroin in exchange for cash.
Pursuant to the plea agreement, defendant waived his right to
appeal and was sentenced, as a second felony drug offender, to a
prison term of eight years with three years of postrelease
supervision.  Defendant now appeals.

We affirm.  Initially, contrary to defendant's contentions, his combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2016]; People v Lopez, 6 NY3d 248, 256 [2009]; cf. People v Bradshaw, 18 NY3d 257, 265 [2011]).  The record reflects that defendant was advised that an appeal waiver was a condition of the plea deal, was informed that he ordinarily retained the right to appeal his conviction and sentence "to a higher court" but that the People were requiring that he give up that right and, after conferring with counsel throughout the colloquy, defendant accepted this condition of the plea.  The record belies his claim that County Court intimated that the waiver was an automatic consequence of his guilty plea, as the court completed its discussion of the trial-related rights automatically forfeited by the plea and then separately addressed the waiver of appeal, while specifying that it was a condition of the People's offer, without lumping it with the trial rights (see People v Lopez, 6 NY3d at 256-257; People v Forget, 136 AD3d 1115, 1116 [2016], lv denied 28 NY3d 929 [2016]).  Defendant then executed a written waiver after reviewing it with counsel that made clear that the waiver of appeal was separate and distinct from the rights automatically forfeited by his plea and reflected defendant's understanding of the waiver (see People v Lopez, 6 NY3d at 256).  Given the valid appeal waiver, defendant is precluded from challenging the negotiated sentence as harsh and excessive (see id. at 255-256).

While defendant's challenge to the voluntariness of his plea survives his appeal waiver, it is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [2]; People v Williams, 27 NY3d 212, 214, 219-222 [2016]; People v Blair, 136 AD3d 1105, 1006 [2016], lvs denied 27 NY3d 1066, 1072 [2016]), and he did not make any statement during the plea allocution that triggered the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666-667 [1988]).  Defendant's claim that County Court failed to adequately advise him of his constitutional, trial-related Boykin rights (see Boykin v Alabama, 395 US 238, 243 [1969]) that he was forfeiting by his plea was not preserved despite an opportunity to do so; moreover, the record reflects that he was fully advised and understood the waiver of his trial rights (see People v

Conceicao, 26 NY3d 375, 379, 381-384 [2015]).  Further, it was not necessary, as he now contends, that he personally recite the elements of the crime, as his affirmative responses to the court's questions were sufficient (see People v Griffith, 136 AD3d 1114, 1115 [2016]).

To the extent that defendant's ineffective assistance of counsel claims implicate the voluntariness of his plea, they survive his appeal waiver, but they are also not properly before us because he never moved to withdraw his plea on this ground (see People v Islam, 134 AD3d 1348, 1349 [2015]).[1]  While defendant had unsuccessfully requested the assignment of a new attorney in an earlier proceeding at which he rejected an initial plea offer, he chose at the next appearance to proceed with the plea and did not thereafter move to withdraw his plea.  Moreover, defendant failed to articulate good cause to replace assigned counsel, such as a conflict of interest or irreconcilable differences, and we discern no abuse of discretion in County Court's denial of this request (see People v Smith, 18 NY3d 588, 592-593 [2012]; People v Khan, 139 AD3d 1261, 1264 [2016], lvs denied 28 NY3d 932, 934 [2016]).  In that regard, defendant's generalized complaint that counsel had not spent sufficient time with him did not establish good cause for substitution or compel further inquiry under these circumstances (see People v Mitchell, 129 AD3d 1319, 1321 [2015], lv denied 26 NY3d 1041 [2015]).  Contrary to his argument, defense counsel did not take a position that was adverse to him or oppose substitution of counsel so as to give rise to a conflict of interest (see People v Mitchell, 21 NY3d 964, 967 [2013]; People v Tyler, 130 AD3d 1383, 1385 [2015]).  Rather, when the court inquired, counsel properly recounted the steps he and his associate counsel had taken in representing defendant, which was in response to defendant's request (see id.; see also People v Washington, 25 NY3d 1091, 1095 [2015]; People v Nelson, 7 NY3d 883, 884 [2006]).  Thus,

_____

[1]  To the extent that defendant's pro se claims in part concern matters that are outside the record on appeal, they are more appropriately addressed in a motion to vacate pursuant to CPL article 440 (see People v Clark, 135 AD3d 1239, 1241 [2016], lv denied 27 NY3d 995 [2016]).

were we to address these issues, we would find that defendant received meaningful representation.[2]  Defendant's remaining claims, including those properly raised in his pro se brief, have been reviewed and determined to lack merit.

Garry, Lynch, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court

_____

[2]  Defendant's argument that counsel was ineffective for failing to raise statutory and constitutional speedy trial claims is unpreserved for our review as it was not raised in County Court.  Moreover, his statutory speedy trial claim does not implicate the voluntariness of his plea and therefore does not survive his appeal waiver, and it was forfeited by his guilty plea (see People v Archie, 116 AD3d 1165, 1165 [2014]; People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]; People v Speranza, 96 AD3d 1164, 1165 [2012]).