*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                    106457
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

RYAN BRICE, Also Known as D,
                        Appellant.
_____

Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____

        Jeffrey L. Zimring, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered January 17, 2014 in Albany County, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
weapon in the second degree.

        Defendant sold a firearm loaded with .223 caliber
ammunition to a third party on the evening of August 30, 2012.
Thereafter, he was charged in a two-count indictment with
criminal possession of a weapon in the second degree and criminal
sale of a firearm in the third degree.  Defendant moved to
dismiss the indictment on multiple grounds, and Supreme Court
denied the motion.  Ultimately, in August 2013, defendant
accepted a plea bargain by which he pleaded guilty to criminal

possession of a weapon in the second degree, in violation of Penal Law § 265.03, in full satisfaction of the indictment.  The plea agreement included a waiver of the right to appeal, subject to specified reservations.  The court sentenced defendant in accord with the agreement to a prison term of eight years with three years of postrelease supervision.  Defendant appeals.

Initially, we find that defendant's waiver of appeal was valid.  The record reveals that Supreme Court adequately conveyed, and defendant understood, that his right to appeal was separate and distinct from the other trial rights forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Handly, 122 AD3d 1007, 1008 [2014]).  Contrary to defendant's claim, the issues he now seeks to raise were not among the specific matters he reserved.  In the course of his plea, defendant reserved the right to challenge the underlying statute on the ground of federal preemption, asserting that the statute was thus unconstitutional, and further reserved the issue whether he was an "authorized person" within the meaning of Penal Law § 265.11.  Upon appeal, he now asserts that he also retained the right to appeal the issue of whether the gun that he possessed and sold met the statutory definition of a "firearm." This is belied by the record.

To the extent that defendant may be asserting that his guilty plea was not a knowing choice, this is also unsupported by the record.  Prior to accepting defendant's plea, Supreme Court fully outlined the terms of the plea agreement, without objection.  Criminal possession of a weapon in the second degree requires defendant's possession of a loaded "firearm," which may be defined as an "assault weapon" (Penal Law §§ 265.03 [3]; 265.00 [3] [e]).  During the plea colloquy, defendant admitted to his possession of an "assault weapon with .223 caliber ammunition."  As stated above, defendant specifically reserved certain issues for appeal.  The court carefully described the various rights that defendant was forfeiting and permitted a pause in the proceedings for defendant to confer with his attorney.  The record does not support finding that defendant was confused in any manner as to the terms of his plea agreement or his appeal waiver.  Instead, upon review, we find that his guilty plea was voluntary and knowing, and we thus uphold it (see People

v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Charleston, 142 AD3d 1248, 1248 [2016]; People v Khan, 139 AD3d 1261, 1263 [2016], lvs denied 28 NY3d 932, 934 [2016]).

Finally, we reject defendant's assertion that his challenge presents a jurisdictional defect in the indictment. A jurisdictional defect "is not subject to the preservation rule and may not be waived" (People v Pierce, 14 NY3d 564, 570 n 2 [2010]). However, an "indictment is jurisdictionally defective only if the acts alleged to have been performed by the defendant do not constitute an actual crime" (People v Hall, 125 AD3d 1095, 1096 [2015] [internal quotation marks and citation omitted]; see People v Simmons, 103 AD3d 1027, 1029 [2013], lv denied 21 NY3d 1009 [2013]). Defendant's challenge here, although cloaked as a jurisdictional defect, is in fact addressed to the evidentiary sufficiency of the indictment. It was thus forfeited by his guilty plea (see People v Plunkett, 19 NY3d 400, 405-406 [2012]; People v Hansen, 95 NY2d 227, 230-232 [2000]; People v Cunningham, 229 AD2d 669, 669-670 [1996]).

Egan Jr., Rose, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court