## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: February 9, 2017          107130
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

       v                            MEMORANDUM AND ORDER

ROBERT J. HALL,
                Appellant.
_____


Calendar Date: January 17, 2017

Before: Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

_____


       Salvatore Adamo, Albany, for appellant.

       P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____


Mulvey, J.

       Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered October 21, 2014, convicting defendant upon his plea of guilty of the crime of promoting a sexual performance by a child.

       Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to promoting a sexual performance by a child as charged in a superior court information. The plea agreement also satisfied other pending charges and included a waiver of appeal. Consistent with that agreement,[1] County Court imposed a

_____

      [1] When the People recited the plea terms, they stated that the promised sentence was 3½ years in prison, but, when County

prison sentence of 2½ years with 10 years of postrelease supervision.  Defendant appeals.

We affirm.  Initially, contrary to defendant's claim, his combined oral and written appeal waiver was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Toledo, 144 AD3d 1332, 1332 [2016]).  In that regard, defendant was advised that an appeal waiver was a condition of the plea and of its separate and distinct nature (see People v Lopez, 6 NY3d at 256).  Defendant then executed a written waiver of appeal in open court after consulting with his attorney, indicating that he understood it (see id.; People v Toledo, 144 AD3d at 1333).  Given the valid appeal waiver, defendant's challenge to the sentence as harsh and excessive is precluded (see People v Lopez, 6 NY3d at 256-257; People v Dickson-Eason, 143 AD3d 1013, 1014 [2016], lv denied 28 NY3d 1123 [2016]).  While his challenge to the plea as involuntary survives the appeal waiver, it was not preserved by an appropriate postallocution motion, and defendant made no statements during the plea colloquy that triggered the exception to the preservation requirement (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Austin, 141 AD3d 956, 957 [2016]).  Were the issue properly preserved, we would find that the plea was knowing, voluntary and intelligent (see People v Fiumefreddo, 82 NY2d 536, 546-548 [1993]).

Defendant next claims that he was denied the effective assistance of counsel due to counsel's failure to move to suppress his statements to police at his residence after the execution of a search warrant following an undercover investigation.  While this claim survives his appeal waiver to the extent that it implicates the voluntariness of his plea, it is unpreserved for our review (see People v Lewis, 143 AD3d 1183, 1185 [2016]).  "In any event, the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance" (People v

---

Court stated the terms during the allocution, it committed to a prison term of 2½ years and imposed that promised sentence.

Cooper, 126 AD3d 1046, 1047-1048 [2015] [citation omitted], lv denied 26 NY3d 966 [2015]; see People v Rivera, 71 NY2d 705, 709 [1988]), "particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Soprano, 135 AD3d 1243, 1243-1244 [2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 1007 [2016]).  On the limited record before us, defendant has not demonstrated that he had a viable claim for suppression of his statement or that counsel lacked a strategic reason for proceeding without a pretrial motion to suppress.  Further, defendant assured County Court during the plea allocution that he had sufficient time to speak with his attorney about the charges, any defenses and the plea offer and that he was satisfied with counsel's representation and defendant expressly waived any pretrial hearings; counsel secured a favorable plea deal with reduced sentencing that resolved other pending charges, a deal which may not have been available after a suppression hearing.  Thus, were the issue preserved, we would find that the record does not support defendant's claim that he was denied meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712-714 [1998]; People v Cooper, 126 AD3d at 1048).[2]

    Peters, P.J., McCarthy, Egan Jr. and Rose, JJ., concur.

_____

    [2] To the extent that defendant's claim relies upon matters outside the record on appeal, they are more properly raised in a motion to vacate pursuant to CPL article 440 (see People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]).

ORDERED that the judgment is affirmed.




                    ENTER:

                    *Robert D Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court