Mulvey, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 26, 2016, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree (two counts).
Defendant waived indictment and pleaded guilty to two counts of the reduced charge of attempted burglary in the second degree pursuant to a plea agreement that included a waiver of appeal. County Court imposed concurrent one-year terms of interim probation supervision and ordered defendant to comply with the terms and conditions thereof, warning him that, if he violated the conditions, he faced up to seven years on each count with three years of postrelease supervision. Months later, the Probation Department submitted notification that defendant had violated interim probation by being arrested on burglary and robbery charges. Defendant did not contest that he had violated the conditions of probation and consented to make restitution and, in exchange, the court agreed that the sentence to be imposed following his probation violation would also satisfy the new charges as well as three uncharged burglaries. The court thereafter found that defendant had failed to comply with the conditions of his interim probation and sentenced him to two consecutive six-year prison terms followed by three years of postrelease supervision, and ordered him to pay restitution. Defendant appeals.
We affirm. Contrary to defendant’s claim, the record reflects that his combined oral and written waiver of the right to appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Toledo, 144 AD3d 1332, 1332-1333 [2016], lv denied 28 NY3d 1148 [Apr. 6, 2017]). The plea minutes demonstrate that defendant was advised that an appeal waiver was a condition of the plea, he indicated that he understood and voluntarily agreed to this condition, and County Court made clear that the waiver of appeal was separate and distinct from the trial-related rights that he automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d at 256; People v Belile, 137 AD3d 1460, 1461 [2016]). Defendant then signed a detailed written waiver in open court that outlined his rights and the consequences of the waiver and specifically waived his right to challenge the severity of the sentence, indicating to the court that he had read it, had a chance to discuss it with counsel and understood it. As defendant’s understanding of the waiver is established on the record, his sole contention on appeal, that *1566 the sentence is unduly harsh, is precluded (see People v Lopez, 6 NY3d at 255-256; People v Mann, 140 AD3d 1532, 1533 [2016]; cf. People v Bradshaw, 18 NY3d 257, 266-267 [2011]).
Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
Ordered that the judgment is affirmed.