Aarons, J.
 

 Appeal from a judgment of the County Court of Schenectady County (Milano, J.), rendered June 15, 2015, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.
 

 After a confidential informant made controlled purchases of cocaine at defendant’s residence, a search warrant was executed at the residence that reportedly disclosed, among other things, a quantity of cocaine and a loaded semi-automatic handgun. Defendant was subsequently charged in a five-count indictment with crimes related to the possession of the handgun and drugs. County Court thereafter denied defendant’s motion to suppress the evidence based upon, among other grounds, claimed defects in the search warrant and denied the request for a Mapp/Dunaway hearing, finding that the search warrant was supported by probable cause and was not overly broad. In satisfaction of the charges, defendant pleaded guilty to the reduced crime of attempted criminal possession of a weapon in the second degree under count 1 and to criminal possession of a controlled substance in the third degree under count 3. Pursuant to the plea agreement, defendant waived his right to appeal and was sentenced, as an admitted second felony offender, to an aggregate prison term of 6V2 years with five years of postrelease supervision. Defendant now appeals.
 

 We affirm. As an initial matter, contrary to defendant’s claim, we find that his combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Hall, 147 AD3d 1151, 1151 [2017], lv denied 29 NY3d 1080 [2017]). To that end, defendant was advised that an appeal waiver was a condition of the plea agreement and of its separate and distinct nature, and indicated that he agreed to and understood it (see People v Lopez, 6 NY3d at 256). Then, after consulting with his attorney off the record to review the written appeal waiver, which outlined his appeal rights and the consequences of the waiver, defendant and his attorney executed it in open court (see People v Lopez, 6 NY3d at 256; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]). Given defendant’s valid appeal waiver, his challenge to County Court’s adverse suppression decision and the denial of a hearing is precluded (see People v Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833 [1999]; People v Payne, 148 AD3d 1226, 1227 [2017], lv denied 29 NY3d 1084 [2017]). In that regard, the written waiver of appeal also expressly advised defendant that he was waiving all decisions, suppression hearings and rulings that had been made by the court and, during the plea allocution, he expressly withdrew all motions, further establishing that he had expressly and knowingly waived those claims (see People v Kemp, 94 NY2d at 833; People v Zippo, 136 AD3d 1222, 1222-1223 [2016], lv denied 27 NY3d 1141 [2016]).
 

 While defendant’s challenge to his plea as involuntary survives the appeal waiver, it was not preserved by an appropriate postallocution motion despite an opportunity to do so (see CPL 220.60 [3]), and defendant made no statements during the plea colloquy that triggered the exception to the preservation requirement (see People v Williams, 27 NY3d 212, 214, 219-222 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Hall, 147 AD3d at 1152). We have reviewed defendant’s remaining contentions, including those raised in his pro se briefs, and conclude that they lack merit.
 

 Garry, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.