Garry, J.
 

 Appeal, by permission, from an order of the County Court of Warren County (Hall Jr., J.), entered July 1, 2015, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment revoking defendant’s probation and imposing a sentence of imprisonment, without a hearing.
 

 In 2005, defendant pleaded guilty to driving while intoxicated as a felony and was placed on interim probation and, in 2006, he was sentenced, as agreed, to five years of probation and required to continue with drug treatment court. In 2008, defendant was charged with aggravated harassment in the second degree and stalking in the fourth degree and, as a result, a violation of probation petition was filed alleging that he had violated the condition requiring that he obey and not violate any laws. Pursuant to a negotiated agreement, defendant thereafter admitted that he violated the condition of probation by committing the crimes charged, waived his right to appeal and was sentenced to the agreed-upon prison term of 1 to 3 years with release on parole if he successfully completed a Willard Drug Treatment Program. The admission satisfied the underlying harassment and stalking charges. Defendant did not appeal from that judgment revoking his probation and imposing a prison sentence. In 2015, defendant filed a motion pursuant to CPL 440.10 to vacate that judgment, claiming that he was denied the effective assistance of counsel in connection with his admission to violating the condition of probation. County Court denied the motion in a written decision and order, without a hearing. Defendant now appeals from that order.
 

 Defendant’s motion to vacate was properly denied. Defendant contends that he was deprived of meaningful representation in that defense counsel failed to advise him that federal case law called into doubt the constitutionality of Penal Law former § 240.30 (1) (a). Defendant further argues that the Court of Appeals ruled that this statutory provision was unconstitutionally vague and overbroad in People v Golb (23 NY3d 455, 468 [2014], cert denied 574 US 135 S Ct 1009 [2015]).
 
 [1]
 

 We begin by noting the extensive period of time between defendant’s admission of parole violation and the later court decision. With regard to defendant’s 2008 admission to committing aggravated harassment in the second degree and thereby violating a condition of probation, defense counsel cannot be found to have provided ineffective representation based upon the failure to predict or anticipate that the underlying statutory provision would be ruled unconstitutional six years later. That is, even if counsel advised defendant to make those admissions, such advice did not, at the time, constitute an egregious error or a denial of meaningful representation so as to amount to ineffective representation under either the federal or state constitutional standards (see People v Honghirun, 29 NY3d 284, 289 [2017]). Further, and as County Court accurately concluded, defendant is incorrect insofar as he asserts that the statutory provision had been ruled unconstitutional by federal courts. In Vives v City of New York (405 F3d 115 [2d Cir 2005], reversing in part 305 F Supp 2d 289 [SD NY 2003]), the Second Circuit merely referenced the “purported unconstitutionality” of Penal Law former § 240.30 (1) {id. at 118). The Second Circuit noted that several courts had declined to find the provision to be unconstitutional, and that state officials were entitled to rely on a presumptively valid state statute {id. at 117-118). The court specifically stated in Vives that “we do not reach the question of whether New York Penal Law [former] § 240.30 (1) survives constitutional scrutiny, but save that question for another day” {id. at 118). Likewise, the Second Circuit’s earlier decision in Schlagler v Phillips (166 F3d 439, 443 [2d Cir 1999]), on which defendant also relies, did not hold this statutory provision to be unconstitutional. Thus, contrary to defendant’s contentions, even if defense counsel failed to advise him at the time of his violation of probation admission of these and other similar federal cases, he was not thereby-deprived of the effective assistance of counsel (see People v Honghirun, 29 NY3d at 289).
 
 [2]
 

 Further, “in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Driscoll, 147 AD3d 1157, 1158 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 1078 [2017]). Here, a review of the proceedings demonstrates that counsel secured a favorable agreement that limited defendant’s prison time and also resolved the new charges, and that defendant indicated at the time that he was satisfied with counsel’s representation. Given the foregoing, we find that County Court properly denied defendant’s motion to vacate, without a hearing (see CPL 440.30 [4] [a]).
 

 Peters, P.J., Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed.
 

 [1]
 

 . The mens rea under Penal Law former § 240.30 (1) was an intent to “harass, annoy, threaten or alarm another person,” which the Court of Appeals concluded “criminalizes, in broad strokes, any communication that has the intent to annoy (People v Golb, 23 NY3d at 467). Following that ruling, the Legislature amended this provision, limiting the mens rea to “intent to harass another person” (Penal Law § 240.30 [1]).
 

 [2]
 

 . We also note that while the interpretation of a federal constitutional question by a lower federal court may be persuasive authority, it is not binding on our state appellate courts (see People v Kin Kan, 78 NY2d 54, 59-60 [1991]).