People v Chaney (2018 NY Slip Op 02834)





People v Chaney


2018 NY Slip Op 02834


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

107757

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NAKIA TERRY CHANEY, Appellant.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Aaron A. Louridas, Delmar, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Albany County (Lynch, J.), rendered July 9, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree, and (2) by permission, from two orders of said court, entered August 18, 2016 and March 23, 2017, which denied defendant's motions pursuant to CPL article 440 to vacate the judgment of conviction and to set aside the sentence, without hearings.
Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to criminal possession of a controlled
substance in the fourth degree as charged in a superior court information (hereinafter SCI), stemming from his admitted possession of prepackaged bags of heroin. As part of the agreement, defendant executed a written waiver of appeal. After defendant made a pro se motion to withdraw his guilty plea premised upon a claim of ineffective assistance of counsel, County Court assigned new counsel and, at the next appearance, defendant, with the assistance of substitute counsel, expressly withdrew that motion. County Court then imposed the agreed-upon prison sentence of 2½ years with two years of postrelease supervision, to be served concurrently with a one-year sentence he was serving on a Schenectady County conviction, and ordered that he be placed in a Comprehensive Alcohol Substance Abuse Treatment program (see Penal Law § 60.04 [6]). Defendant subsequently twice moved pursuant to CPL 440.10 and 440.20 to vacate [*2]the judgment of conviction based upon ineffective assistance of counsel and actual innocence, among other grounds, and to set aside the sentence, which County Court denied in two orders. Defendant appeals from the judgment of conviction and, by permission, from the orders denying his CPL article 440 motions.
Initially, defendant's combined oral and written waiver of appeal is valid (see People v Tulip, 150 AD3d 1564, 1565 [2017]). The plea minutes reflect that defendant was advised that a waiver of appeal was a condition of the plea agreement, County Court explained that defendant ordinarily retained the right to appeal and made clear that the waiver was separate and distinct from the trial-related rights that he automatically forfeited by his guilty plea, and defendant indicated that he understood and voluntarily waived this right (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hutchinson, 151 AD3d 1481, 1482 [2017]). Defendant reviewed the written waiver of the right to appeal with counsel that specifically precluded a challenge to the agreed-upon sentence. After review, he signed the waiver — which also recited that his counsel had informed him of the legal ramifications of the waiver — and stated to the court that he understood the waiver and agreed to be bound by it. Accordingly, we are satisfied that the waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]). Thus, defendant's challenges to the sufficiency of the plea allocution (see People v Welden, 156 AD3d 1241, 1241 [2017]) and to the agreed-upon sentence as harsh and excessive are precluded (see People v Lopez, 6 NY3d at 255-256; People v Tulip, 150 AD3d at 1565-1566).
Defendant claims that the SCI was jurisdictionally defective. While this claim survives the valid appeal waiver and is not subject to preservation rules (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]), it lacks merit. An SCI "is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v D'Angelo, 98 NY2d 733, 734-735 [2002]; see People v Brice, 146 AD3d 1152, 1153-1154 [2016], lv denied 29 NY3d 996 [2017]). Here, the SCI "cited the pertinent Penal Law section and recited the statutory elements of the crime and, accordingly, [it] was not jurisdictionally defective" (People v Dubois, 150 AD3d 1562, 1564 [2017]; see People v Kamburelis, 100 AD3d 1189, 1189-1190 [2012]). Defendant's challenges to the evidence underlying the charge and to the sufficiency of the factual allegations are nonjurisdictional in nature and, thus, precluded by the guilty plea and appeal waiver (see People v Brice, 146 AD3d at 1154; People v Young, 100 AD3d 1186, 1188 [2012], lv denied 21 NY3d 1021 [2013]; People v George, 261 AD2d 711, 713 [1999], lv denied 93 NY2d 1018 [1999]).
Next, we reject defendant's argument that County Court failed to abide by the sentencing promise. While defendant is correct that, "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks, brackets and citation omitted], cert denied ___ US ___, 134 S Ct 2730 [2014]), the record reflects that he in fact received the promised sentence. To that end, County Court advised defendant during the plea allocution that the agreed-upon 2½-year prison sentence would be concurrent with the one-year sentence that he was then serving on the Schenectady County conviction; the court then explicitly informed him that, because he had been released on his own recognizance on this charge following his arraignment and had not been incarcerated on this charge, he would receive jail credit for the time he had served to date against the Schenectady County sentence only. The court revoked his release on this charge and advised him that he would receive jail credit against this sentence from that date forward. The court further explained that, in recognition of the fact that defendant would not be receiving jail credit against this crime for the time to date that he had been in jail on the Schenectady County matter, [*3]the plea offer had previously been reduced by the People from three years to 2½ years, with two years of postrelease supervision. Defendant indicated that he understood and agreed, and thereafter pleaded guilty. Thus, contrary to his claim, the court fully honored the plea agreement.[FN1]
Defendant's claim that County Court abdicated its sentencing responsibility is belied by the record. At sentencing, defendant requested, in lieu of the agreed-upon prison term, that the court impose judicial diversion (see CPL 216.05 [4]) or parole supervision (see CPL 410.91). The court explained its reasons for declining these requests,[FN2] including that defendant had previously been rejected from drug court and that it found no reason to deviate from the plea agreement, while expressly recognizing that it retained sentencing discretion to deviate from that agreement (while allowing the People an opportunity to withdraw consent to the plea agreement). As the court was aware of and exercised its discretionary sentencing authority, we discern no error (see People v Schultz, 73 NY2d 757, 758 [1988]; People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Mattucci, 92 AD3d 1029, 1029-1030 [2012], lv denied 19 NY3d 964 [2012]).
Further, we find that County Court properly denied defendant's pro se motions to, among other requested relief, vacate the judgment of conviction and set aside the sentence, without hearings. "On a motion to vacate a judgment of conviction, a hearing is only required if the submissions 'show that the nonrecord facts sought to be established are material and would entitle the defendant to relief'" (People v Brandon, 133 AD3d 901, 903-904 [2015] [brackets omitted], lvs denied 27 NY3d 992, 1000 [2016], quoting People v. Satterfield, 66 NY2d 796, 799 [1985]; see CPL 440.30 [5]). With regard to defendant's contentions that suppression hearings should have been held, the record reflects that he never moved to suppress the evidence and, accordingly, his valid guilty plea, in which he expressly waived the right to pretrial hearings and defenses, and his appeal waiver waived any challenge to the admissibility of evidence (see CPL 710.70 [3]; People v Felker, 155 AD3d 1258, 1259 [2016]; see also People v Sanders, 25 NY3d at 342).
Defendant's claim that he was deprived of the effective assistance of counsel due to counsel's failure to move to suppress certain evidence survives the appeal waiver only to the extent that it implicates the voluntariness of his guilty plea, but it was not preserved for appellate review (see CPL 220.60 [3]; People v Hall, 147 AD3d 1151, 1152 [2017], lv denied 29 NY3d [*4]1080 [2017]; People v Wicks, 83 AD3d 1223, 1225 [2011], lv denied 17 NY3d 810 [2011]). As defendant could have raised this issue prior to sentencing and unjustifiably failed to do so, and the necessary facts do not appear in the record on direct appeal, County Court properly denied the motion to vacate the judgment on this ground (see CPL 440.10 [3] [a]; People v Howe, 150 AD3d 1321, 1323 [2017]; People v Oddy, 144 AD3d 1322, 1324 [2016], lv denied 29 NY3d 1131 [2017]). "In any event, the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Hall, 147 AD3d at 1152 [internal quotation marks and citations omitted]). Defendant's conclusory and unsupported allegations fail to establish any basis upon which to find that there was a viable claim for suppression or that counsel lacked a strategic reason for proceeding without a suppression motion, namely, the advantageous plea offer; thus, the motion was properly denied without a hearing (see CPL 440.10 [3] [a]; 440.30 [4] [[a], [b], [d]). To that end, we note that during the plea allocution, defendant assured the court that he had adequate time to confer with counsel about the charge, the evidence and any defenses, he was satisfied with counsel's representation and he expressly waived pretrial hearings. Further, "counsel secured a favorable plea deal" well below the maximum potential sentence "which may not have been available after a suppression hearing" (People v Hall, 147 AD3d at 1152), and nothing in the record or motion calls into doubt the apparent effectiveness of counsel (see People v Caban, 5 NY3d 143, 152 [2005]; People v Rapp, 154 AD3d 1007, 1009 [2017]).
Defendant's request in the motion for DNA testing on a jacket where the drugs were located is not warranted because the crime he pleaded guilty to — criminal possession of a controlled substance in the fourth degree — is not among the crimes for which County Court must grant a motion seeking DNA evidence (see CPL 440.30 [1-a] [a] [2]). Defendant's further request to "expand the record" on appeal to permit him, among other things, to make statements relative to sentencing was properly denied, as this request was not made at sentencing and the record further reflects that he and defense counsel were afforded a full and fair opportunity to be heard at sentencing (see CPL 380.50 [1]; 440.10 [2] [b]; [3] [a]; 440.30 [4] [a], [c]).
Finally, with regard to defendant's claims of actual innocence, his submissions failed to establish his "factual innocence" (People v Howe, 150 AD3d at 1323 [internal quotation marks and citation omitted]; accord People v Caldavado, 26 NY3d 1034, 1037 [2015]). We have considered all of the remaining aspects of defendant's first motion to vacate the judgment of conviction pursuant to CPL 440.10 and find that it was properly denied without a hearing. Nor do we find any error with regard to County Court's summary denial of defendant's second motion pursuant to CPL 440.10 and 440.20, as the basis for the motion was "previously determined on the merits" on the first motion to vacate (CPL 440.10 [3] [b]) or could have been so raised (see CPL 440.10 [3] [c]).
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment and orders are affirmed.



Footnotes

Footnote 1: To the extent that defendant challenges — in his motions pursuant to CPL article 440 — the calculation of jail time credit, "the proper vehicle for such claim is a CPLR article 78 proceeding" (People v Whalen, 101 AD3d 1167, 1169 n 2 [2012] [internal quotation marks, brackets, ellipses and citation omitted], lv denied 20 NY3d 1105 [2013]; see e.g. Matter of Maldonado v Howard, 148 AD3d 1501, 1502 [2017], lv denied 29 NY3d 916 [2017]).

Footnote 2: County Court denied defendant's belated postplea request for consideration of judicial diversion both because defendant never timely applied for participation in this program (see CPL 216.05 [1]; cf. People v Clarke, 155 AD3d 1242, 1242-1243 [2017], lv denied 30 NY3d 1114 [2018]) and because the court concluded that the plea deal contained the appropriate treatment plan for defendant's substance abuse problems.