People v Gilliam (2018 NY Slip Op 04794)





People v Gilliam


2018 NY Slip Op 04794


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
TYREE T. GILLIAM, Appellant.

Calendar Date: May 8, 2018

Before: Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered August 1, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a four-count indictment, defendant agreed to waive his right to appeal and plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be placed on interim probation for one year. If successful, defendant would be sentenced to five years of probation with a credit for the time spent on interim probation; if unsuccessful, defendant faced a maximum prison term — depending upon his felony offender status — of either nine years (felony drug offender) or life in prison (persistent felony drug offender). Against that backdrop, County Court (Richards, J.) accepted defendant's plea and thereafter placed defendant on interim probation — subject to various terms and conditions. Approximately seven months later, both defense counsel and the People urged County Court (Champagne, J.) to terminate defendant's interim probation and proceed to sentencing — each ultimately requesting that defendant be sentenced to a five-year period of probation. County Court thereafter sentenced defendant to five years of probation and transferred defendant's supervision to Erie County, where defendant then was residing. Defendant now appeals.
We affirm. Contrary to defendant's assertion, we find that the combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary. County Court [*2](Richards, J.) explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting (see People v Cayon, 158 AD3d 946, 947 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Tulip, 150 AD3d 1564, 1565 [2017]); after assuring the court that he could read, defendant reviewed and executed a detailed written waiver in open court, wherein he expressly waived the right to challenge the severity of his sentence and, in response to further inquiry by County Court, indicated that he had been afforded an opportunity to confer with counsel and confirmed that he understood both the terms of the waiver and the rights forfeited thereunder (see People v Savage, 158 AD3d 854, 855 [2018]; People v Tulip, 150 AD3d at 1565). Under these circumstances, we find that defendant's appeal waiver was valid (see People v Tucker, 160 AD3d 1303, 1303 [2018]). Finally, in light of the valid waiver, and given that defendant was fully apprised of his maximum sentencing exposure, he is precluded from challenging the agreed-upon period of probation thereafter imposed (see People v Peterkin, 156 AD3d 962, 963 [2017]; People v Humbach, 153 AD3d 637, 638 [2017], lv denied 30 NY3d 980 [2017]; People v Saucier, 69 AD3d 1125, 1126 [2010]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.