People v Latimer (2018 NY Slip Op 07490)





People v Latimer


2018 NY Slip Op 07490


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MILES LATIMER, Appellant.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and

Pritzker, JJ.

Adam W. Toraya, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Murphy, J.), rendered October 5, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal possession of a weapon in the third degree.
In full satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the second degree and criminal possession of a weapon in the third degree and waived the right to appeal. County Court sentenced defendant to an aggregate prison term of four years, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to his contention, we find that defendant validly waived the right to appeal. The plea colloquy reflects that County Court distinguished the right to appeal as separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Royal, 161 AD3d 1217, 1218 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]). Defendant also executed a written waiver after affirming that he had discussed the waiver with counsel and understood its terms (see People v Sharp, 159 AD3d 1192, 1193 [2018], lv denied 31 NY3d 1121 [2018]; People v Hall, 147 AD3d 1151, 1151 [2017], lv denied 29 NY3d 1080 [2017]). In light of defendant's valid appeal waiver, his challenge to the sentence as harsh and excessive is precluded (see People v Lopez, 6 NY3d at 255-256; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]).
McCarthy, J.P., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.