People v Brown (2019 NY Slip Op 02178)





People v Brown


2019 NY Slip Op 02178


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

108984

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES A. BROWN, Appellant.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Craig S. Leeds, Albany, for appellant.
Kristy L. Sprague, Elizabethtown (James E. Martineau of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered November 22, 2016, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the fourth degree.
In satisfaction of three separate indictments charging defendant with multiple drug-related crimes, he pleaded guilty to criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the fourth degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to eight years in prison followed by three years of postrelease supervision on the criminal possession conviction, and to six years in prison followed by two years of postrelease supervision on the criminal sale conviction, to run consecutively. He appeals.
Initially, defendant's claim that certain evidence obtained by the police via the search warrant and eavesdropping warrant should have been suppressed is precluded by his valid waiver of the right to appeal (see People v Dobbs, 157 AD3d 1122, 1123 [2018], lv denied 31 NY3d 983 [2018]; People v White, 154 AD3d 1012, 1013 [2017], lv denied 30 NY3d 1065 [2017]). With respect to the waiver, the record discloses that County Court thoroughly explained the nature of the right to appeal, including that it was separate and distinct from the other rights forfeited by a guilty plea, and defendant indicated that he understood the consequences of the waiver. He then signed a comprehensive written waiver in open court after conferring with counsel. Notably, County Court advised defendant that he was giving up his right to any decisions on pretrial motions and that such motions would be treated as if they were withdrawn, to which defendant agreed. Furthermore, the written waiver specifically stated that it encompassed any decisions or pretrial rulings made in defendant's case. In view of defendant's valid appeal waiver (see People v Dobbs, 157 AD3d at 1122-1123; People v James, 155 AD3d 1094, 1095 [2017], lv denied 30 [*2]NY3d 1116 [2018]), he may not challenge County Court's failure to grant that part of his omnibus motion seeking the suppression of certain evidence.
Defendant further contends that his counsel's failure to pursue that part of his omnibus motion seeking to suppress certain evidence deprived him of the effective assistance of counsel. Although this claim survives defendant's valid appeal waiver to the extent that it impacts the voluntariness of his guilty plea, it is unpreserved for our review as the record does not reveal that defendant made an appropriate postallocution motion (see People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Guyette, 121 AD3d 1430, 1432 [2014], lv denied 27 NY3d 998 [2016]). Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Jawan, 165 AD3d 1350, 1351 [2018], lv denied 32 NY3d 1173 [2019]; People v McDonald, 165 AD3d 1327, 1328 [2018], lv denied 32 NY3d 1175 [2019]). Lastly, defendant's valid appeal waiver forecloses his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Jawan, 165 AD3d at 1351).
Garry, P.J, Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.