People v McKay (2022 NY Slip Op 00231)





People v McKay


2022 NY Slip Op 00231


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

532350
[*1]The People of the State of New York, Respondent,
v
Issac McKay, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Appellate Advocates, New York City (Samuel Barr of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Aarons, J.
Appeal from an order of the County Court of Ulster County (Rounds, J.), entered June 8, 2020, which, upon a rehearing, classified defendant as a risk level one sex offender pursuant to the Sex Offender Registration Act.
In 2000, defendant pleaded guilty in Georgia to, as relevant here, false imprisonment of a minor (see Ga Code Ann § 16-5-41), stemming from allegations that, while playing football with two boys (ages eight and nine),[FN1] defendant grabbed their shoulders and would not let them leave the area when they attempted to do so. Defendant was subsequently sentenced to five years in prison, with four years suspended. Upon his release from prison in 2001, defendant registered as a sex offender in Georgia, as he was required to do based on his felony conviction of false imprisonment of a minor (see Ga Code Ann § 42-1-12 [a] [9] [A] [i]). In 2004, after defendant relocated to New York, the Board of Examiners of Sex Offenders determined that defendant was required to register in New York as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) based upon his Georgia conviction (see Correction Law § 168-a [2] [d] [ii]). The Board prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (85 points). Although defendant was not produced at a scheduled January 2005 hearing due to his incarceration in New York, County Court (Bruhn, J.) issued a written decision and order designating defendant as a risk level two sex offender.
In 2013, County Court (McGinty, J.) denied an application brought by defendant pursuant to Correction Law § 168-o (2) seeking a modification of his risk level classification. In December 2019, defendant again filed an application pursuant to Correction Law § 168-o (2) seeking to remove the registration requirements or, alternatively, to reduce his risk level classification to a level one or conduct a de novo hearing to reassess his risk level classification. The Board submitted an updated recommendation that opposed any modification to defendant's risk level classification. In a May 2020 decision and order, County Court (Rounds, J.) denied those portions of defendant's application seeking to remove the registration requirements or to reduce his risk level classification but granted that portion of his application seeking a de novo hearing to assess his risk level classification pursuant to Correction Law § 168-n.[FN2] Following a hearing, County Court assessed defendant 70 points and designated him as a risk level one sex offender. Defendant appeals, principally challenging the constitutionality of SORA's registration requirements as applied to him.[FN3]
We affirm. "A 'sex offender' is a person who is convicted of an offense described in Correction Law § 168-a (2) or (3)" (People v Ramos, 178 AD3d 1408, 1409 [2019]). Certain defendants who reside in this state and were convicted of sex offenses in other jurisdictions [*2]must register as sex offenders in New York (see Correction Law § 168-a [2]; People v Diaz, 32 NY3d 538, 542 [2018]; People v Kennedy, 7 NY3d 87, 89 [2006]; see also Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 749 [2007]; Matter of Smith v Devane, 73 AD3d 179, 181-182 [2010], lv denied 15 NY3d 708 [2010]). As relevant here, a registerable sex offense includes "a conviction of . . . a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law § 168-a [2] [d] [ii]). To that end, "a reviewing court must determine whether the foreign jurisdiction considers the offender a sex offender before compelling registration under [Correction Law §] 168-a (2) (d) (ii)" (People v Diaz, 32 NY3d at 544).
As an initial matter, we agree with County Court, and defendant does not dispute, that defendant was required to register as a sex offender in Georgia for his felony conviction (and therefore statutorily required to also register in New York). Indeed, in Georgia, the crime of false imprisonment of a minor, where the victim is less than 14 years of age, is expressly defined as a "sexual offense" (Ga Code Ann § 17-10-6.2 [a] [2]; see Ga Code Ann § 16-5-41 [c]). This, in turn, required defendant to register in Georgia as a "sexual offender" for having "been convicted of a criminal offense against a victim who is a minor" (Ga Code Ann § 42-1-12 [a] [20] [A]; see Ga Code Ann § 42-1-12 [a] [9] [A] [ii]; Rainer v State, 286 Ga 675, 675 n 1 [2010]).
The gravamen of defendant's argument on appeal is that he should not be subjected to SORA's registration requirements under Correction Law § 168-a (2) (d) (ii) because that statutory requirement, as applied to him, is not rationally related to any legitimate government interest and, therefore, violates his substantive due process rights under the US and NY Constitutions, given that his conviction of false imprisonment of a minor in Georgia involved no actual, intended or threatened sexual conduct.[FN4] Defendant's constitutional claims, however, are without merit for the reasons stated in People v Knox (12 NY3d 60 [2009], cert denied 558 US 1011 [2009]). In Knox, the Court of Appeals "held that the Legislature [can] constitutionally provide that all those convicted of kidnapping or unlawfully imprisoning children not their own, or of attempting to commit those crimes, be conclusively deemed sex offenders" under SORA even where "there was neither a sexual assault nor any discernible risk of one" associated with the SORA-qualifying offense (People v Knox, 12 NY3d at 69).[FN5] To the extent that defendant's remaining contentions are not academic in light of our decision, they have been considered and found to be unavailing.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The record reflects that the two boys were the children of defendant's then paramour.

Footnote 2: The People consented to defendant's request for a new hearing to assess his risk level classification on the ground that defendant did not waive his right to be present at the 2005 hearing conducted in his absence.

Footnote 3: Defendant's challenge to the May 2020 interim decision and order denying that portion of his application seeking removal of the registration requirements is properly before us on his appeal from the June 2020 final order (see CPLR 5501 [a] [1]).

Footnote 4: To the extent that defendant relies upon a lower federal court's resolution of the constitutional challenge that he raises here, that court's "interpretation of a [f]ederal constitutional question . . . may serve as useful and persuasive authority for our Court [but is] not binding [upon] us" (People v Kin Kan, 78 NY2d 54, 60 [1991]; see People v Rapp, 154 AD3d 1007, 1009 n 2 [2017]; Schulz v State of N.Y. Exec., 134 AD3d 52, 57 n 3 [2015], appeal dismissed 26 NY3d 1139 [2016], lv denied 27 NY3d 907 [2016]).

Footnote 5: We note that, given Georgia's characterization of defendant's conviction of false imprisonment of a minor as a sexual offense (see Ga Code Ann §§ 16-5-41 [c]; 17-10-6.2 [a] [2]), and the Court of Appeals' recognition that "a great many cases of kidnapping or unlawful imprisonment of children are indeed [or can lead to] sex offenses" (People v Knox, 12 NY3d at 68), we discern no "potential conflict [between Georgia's registration requirements and] New York's due process guarantees or public policy" (People v Diaz, 32 NY3d at 548).